**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6597**

DAVID N. FIREWALKER-FIELDS,

Petitioner - Appellant,

v.

HAROLD W. CLARKE,

Respondent - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth Kay Dillon, District Judge.  (7:20-cv-00745-EKD-JCH)

Submitted:  August 24, 2021                     Decided:  August 27, 2021

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

David Nighthorse Firewalker-Fields, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David N. Firewalker-Fields seeks to appeal the district court's order dismissing as untimely his 28 U.S.C. § 2254 petition. *See Gonzalez v. Thaler*, 565 U.S. 134, 148 & n.9 (2012) (explaining that § 2254 petitions are subject to one-year statute of limitations, running from latest of four commencement dates enumerated in 28 U.S.C. § 2244(d)(1)). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez*, 565 U.S. at 140-41 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Firewalker-Fields has not made the requisite showing.[*] Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal

---

[*] On appeal, Firewalker-Fields debuts an argument that his § 2254 petition was timely because he filed it within one year of discovering the Supreme Court's decision in *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017). Exceptional circumstances do not exist for us to address this argument in the first instance. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) (explaining that we do not consider arguments raised for the first time on appeal absent exceptional circumstances). Even if they did, however, Firewalker-Fields' belated discovery of the *Packingham* decision does not entitle him to equitable tolling. *See Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (describing standard for equitable tolling).

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED